# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00405-MSK-KMT

COLORADO & SANTA FE REAL ESTATE COMPANY, a Colorado corporation
LONGMONT FACILITY, LLC, a Colorado limited liability company

    Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,

    Defendant.

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court, having reviewed the parties Stipulated Motion for Protective Order and being sufficiently advised, **GRANTS** the Motion and **ORDERS**:

    1.    This Order covers any and all trade secrets, non-public, private, confidential, proprietary and/or commercial information designated by any party's counsel as "Confidential." This Order includes such materials produced before or after the date of this Order including references to such information contained in depositions or other documentation.

    2.    All Confidential Information produced or exchanged during the course of this litigation, whether done so pursuant to discovery, voluntarily, or by order of this Court, shall be used solely for the purpose of this litigation and for no other purpose, and shall not be disclosed to any person except in accordance with the terms hereof.

    3.    Confidential Information shall not be disclosed or made available by counsel for a receiving party to persons other than Qualified Persons.

4. "Qualified Persons" as used herein, means:

   a. The parties in this litigation and designated representatives of those parties;

   b. Attorneys of record in this litigation, other attorneys for parties to this litigation, and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   b. Independent third parties retained by attorneys of record in this litigation for the purpose of discovery, preparation for trial of this litigation, including experts and consultants retained in connection with this proceeding;

   c. Any other person who is designated as a Qualified Person by stipulation of the parties or by Order of this Court, after notice to all parties;

   d. Any witness being deposed by any party in this case, including experts or potential witnesses;

   e. The Court and its employees ("Court Personnel"); and

   f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

All "Qualified Persons" shall be advised of the confidential and proprietary nature of this Confidential Information and shall be subject to the terms and conditions of this Protective Order.

5. If any party's counsel wishes to use or inquire at any deposition concerning documents, material, or information designated as "Confidential," the portion of the deposition

transcript that would disclose such documents, or information shall be designated by counsel as "Confidential" and subject to the confidentiality provisions thereof. Such designation shall be made by counsel on the record during the deposition whenever possible, but a party's counsel may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. Documents or deposition testimony are designated as "Confidential" by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation of "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

8. All copies or reproductions of Confidential Information released in the course of discovery are to be treated as confidential and are subject to the provisions of this Protective Order.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party consents in writing to such disclosure, or if this Court, after notice to all affected parties, orders that such disclosure be permitted.

10. This Protective Order is intended to regulate the handling of Confidential Information throughout the pretrial, trial, and post-trial periods of this matter, including after the conclusion of this litigation. It shall remain in force and effect thereafter until modified, superseded, or terminated on the record by Order of the Court.

11. At the conclusion of this litigation, or the settlement thereof, the parties' counsel shall return each and every document specifically marked "Confidential" that they have received or made or which have been provided to others involved during this litigation or the parties may agree to the destruction of the documents marked "Confidential." This return of these documents shall occur within thirty (30) days of the conclusion of this case, or its settlement. Where the parties agree to destroy "Confidential" documents, the destroying party's counsel shall provide all parties' counsel with an affidavit confirming the destruction. Notwithstanding this provision, the attorneys for the parties may keep references to Confidential Information contained in their respective work product of the type normally maintained within the files of a law firm.

12. Disclosure or release of any Confidential Information, whether done so voluntarily, through discovery, or by order of this Court, does not constitute a waiver of any

releasing or disclosing party's right to object to the admission or use of such Confidential Information at a hearing or trial of this matter.

13. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated this 24th day of May, 2010.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge