IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00405–MSK–KMT

COLORADO & SANTA FE REAL ESTATE COMPANY, a Colorado corporation, and LONGMONT FACILITY, LLC, a Colorado limited liability company,

Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,

Defendant.

**ORDER**

This matter is before the court on "Plaintiffs Colorado & Santa Fe Real Estate Company and Longmont Facility, LLC's Motion to Amend Complaint to Add Claim for Exemplary Damages" filed July 2, 2010. (Doc. No. 21 ["Mot."].) Defendant filed its Response on August 2, 2010. (Doc. No. 29 ["Resp."].) Plaintiffs filed their Reply on August 24, 2010.

In their Motion, Plaintiffs request leave to amend their Complaint to add a claim for exemplary damages. As the bases for this amendment, Plaintiffs allege that Defendant admitted internally that Plaintiffs' claim was covered yet still officially denied the claim; that Defendant unreasonably delayed its investigation of Plaintiffs' claim; that Defendant acted "belligerently"

to its insured with no reasonable justification; and that Defendant may have destroyed relevant evidence.

The parties base their arguments on the standard for amending pleadings set forth by Fed. R. Civ. P. 15(a), which provides that leave to amend shall be freely given when justice so requires, and Colo. Rev. Stat. § 13-21-102(1.5)(a), which provides that exemplary damages "may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to Rule 26 of the Colorado Rules of Civil Procedure. However, in considering Plaintiffs' Motion, the court is guided by Colo. Rev. Stat. § 13-21-102. *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, at *1-2 (D. Colo. Jan.17, 2007) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb.13, 2006) (finding that court must give effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also Arapahoe County Water and Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *5-6 (D. Colo. Sept.25, 2009) (applying without discussion Colo. Rev. Stat. § 13-21-102(1)(a), not Rule 15, to determine whether to allow amendment to add exemplary damages claim in diversity action); *State Farm Mut. Auto*

*Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. March 26, 2009) (same); *Siemens v. Romero*, No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *1 (D. Colo. Feb. 3, 2010) (same).

Pursuant to Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). "A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes *prima facie* proof of a triable issue." *Id.* § 13-21-102(1.5)(a).

Here, Plaintiff asserts that a claim for exemplary damages is appropriate because Defendant's conduct was "willful and wanton without and without regard to consequences." (*See* Doc. No. 39-1, ¶ 56.) "Willful and wanton conduct" is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted);

*see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. App. 2008) (describing willful and wanton conduct as conduct that "exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness" (*quoting Forman v. Brown*, 944 P.2d 559, 564 (Colo. App.1996)).

The parties have made initial disclosures, and now, in order to establish *prima facie* proof of a triable issue, Plaintiffs must articulate "[a] reasonable likelihood that the issue [of whether Defendant's conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Arapahoe County Water*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *6 (quoting *Leidholt v. Dist. Court in and for the City and County of Denver*, 619 P.2d 768, 771 (Colo.1980)). At this stage of the litigation, the court is concerned with only whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of adding a claim for exemplary damages to their Complaint, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *3 (noting that when deciding appropriateness of amendment under section 13-21-102 court views evidence in light most favorable to moving party); *see also E & S Liquors, Inc.*, 2009 WL 837656, at *2 (court views evidence in light most favorable to moving party on a motion to add claim for exemplary damages and differentiating standard from evaluation of whether evidence is sufficient to defeat summary judgment); *Amber Props., Ltd. v. Howard Elec. and Mech. Co., Inc.*, 775 P.2d 43,

4

46-47 (Colo. App.1988) (finding that trial court required to submit question to jury if evidence, "viewed in light most favorable to the injured party . . . is such that a jury could find [circumstances warranting exemplary damages] beyond a reasonable doubt"); *Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the plaintiff some leeway in establishing his *prima facie* case").

Plaintiffs have provided *prima facie* proof of a triable issue of exemplary damages through the material submitted with their Motion and their Reply in support of the Motion, including a newspaper article about the amount of estimated insurance damage caused by the May 2008 tornado and hail storm; hail reports including the area in which Plaintiffs' facility is located; Hartford's claim notes indicating hail damage to Plaintiffs' facility and demonstrating the lengthy process in determining whether Plaintiffs would be covered; email correspondence between Hartford employees acknowledging damage and insurance exposure; email correspondence regarding the process for scheduling an inspection by Hartford's expert; and email correspondence between Hartford and Plaintiffs' then-counsel that Plaintiffs contend show Defendant failed to treat them with respect, in violation of the duty of good faith.

Considering that this evidence must be viewed in the light most favorable to Plaintiffs the court finds that it is sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending their claims to seek exemplary damages. The Court emphasizes this order does not address the merits of awarding exemplary damages in this case, but limits the

order to recognizing that the issue of exemplary damages can properly be included in the pleadings at this point, therefore permitting Plaintiffs to amend their Complaint. Accordingly, it is

**ORDERED** that "Plaintiffs Colorado & Santa Fe Real Estate Company and Longmont Facility, LLC's Motion to Amend Complaint to Add Claim for Exemplary Damages" (Doc. No. 21) is GRANTED. The Clerk of Court is directed to file the First Amended Complaint attached to Plaintiffs' Reply (Doc. No. 39-1). It is further

**ORDERED** that Defendants shall file their answer or otherwise respond to the First Amended Complaint on or before September 28, 2010.

Dated this 14th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge